DOMINGA BOSQUES SOTO, ORVIN ACEVEDO, ETC., demandantes y recurridos, *v.* JAVIER A. ECHEVARRÍA VARGAS, ETC., demandados y peticionarios.

*Número:* CC-2003-430     *Resuelto:* 13 de septiembre de 2004

*Samuel Wiscovith Coralí*, abogado de la parte peticionaria; *Héctor Colón Atienza*, abogado de la entidad financiera recurrida; *José M. Pérez Villanueva*, abogado de Orvin Acevedo, recurrido.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Tenemos la ocasión para interpretar por primera vez la Ley Complementaria de Garantías de Vehículos de Motor, Ley Núm. 330 de 2 de septiembre de 2000 (10 L.P.R.A. secs. 2066–2070), y delimitar el ámbito de su aplicación.

I

El 17 de octubre del 2000 Dominga Bosques Soto y su esposo (compradores) adquirieron de Orvin Acevedo Ruiz h/n/c Acevedo Auto Wholesales (vendedor), mediante compraventa, un vehículo de motor usado que tenía 148,496 millas registradas. El precio de venta fue de $6,500, de los cuales los compradores pagaron $2,000 de pronto y la diferencia fue financiada mediante un préstamo con Reliable Financial Services, Inc.

Posteriormente, el automóvil presentó un problema de goteo de aceite, por lo que los compradores lo llevaron al vendedor para arreglarlo. La reparación supuestamente realizada por el vendedor no fue efectiva, por lo que los compradores acudieron a otro taller para ver si allí le podían resolver el problema aludido. Fue en tal ocasión que tuvieron conocimiento de que su vehículo había sido impactado y reparado previo a que ellos lo adquiriesen del vendedor. Al momento de la otorgación del referido contrato de compraventa, los compradores desconocían este hecho debido a que el vendedor no se los notificó.

Así las cosas, el 21 de noviembre del 2001 Bosques Soto, su esposo y la sociedad legal de gananciales integrada por ambos, presentaron una querella ante el Departamento de Asuntos del Consumidor (D.A.Co.). Alegaron, en esencia, que el vendedor nunca les notificó que el vehículo que le habían comprado había sido impactado en su lado izquierdo trasero, o lado del chofer, y que luego había sido reparado, por lo que solicitaron que se cancelara la compraventa y se le devolviera el dinero pagado por el vehículo, más los intereses correspondientes.

Luego de celebrar una vista administrativa sobre el particular, D.A.Co. emitió una resolución y decretó la nulidad del contrato de compraventa en cuestión. Concluyó que el vendedor había violado lo dispuesto en el Art. 27.2 del Reglamento de Vehículos de Motor, 10 R.P.R. 250.1726, al no informar verbalmente y por escrito en el contrato de compraventa que el vehículo por comprarse había sido acciden-

tado y reparado antes de la venta. Expresó que tal omisión conllevaba la nulidad del contrato debido a que el consentimiento de los compradores estuvo viciado por dolo. Finalmente, D.A.Co. ordenó al vendedor y a Reliable Financial Services, Inc. devolver solidariamente la suma de los $2,000 pagada como pronto por los compradores, más la suma de todos los pagos mensuales realizados a Reliable Financial Services, Inc. También ordenó a los compradores la devolución del vehículo objeto de la querella.

Inconforme con la referida determinación, el vendedor acudió al Tribunal de Apelaciones. Alegó, en síntesis, que D.A.Co. había errado al resolver que el vendedor había incurrido en dolo cuando vendió el vehículo a los compradores. También adujo, en la alternativa, que si incurrió en dolo, éste fue incidental y no grave.

El foro apelativo modificó el dictamen de D.A.Co. Concluyó que la actuación del vendedor al no notificar al comprador que el vehículo había sido impactado y reparado antes de la compraventa daba base a la resolución del contrato por dolo, al estar viciado el consentimiento del comprador. Sin embargo, determinó que mientras lo poseyeron, los compradores no estuvieron privados del uso efectivo del vehículo de motor debido a que los vicios que éste adolecía no afectaban su uso. Citando el *Art. 2(f) de la Ley Complementaria de Vehículos de Motor*, 10 L.P.R.A. sec. 2067, y sin mayor explicación o fundamentación, el foro apelativo resolvió escuetamente que el vendedor tenía derecho a que del precio de compra por ser devuelto se descontara una cantidad razonable por el uso del vehículo, por lo que devolvió el caso a D.A.Co. para que determinara la cuantía que habría de ser descontada.

Inconforme con el dictamen del foro apelativo, D.A.Co. acudió ante nos y planteó, en esencia, que había errado el Tribunal Apelativo al modificar su resolución administrativa y ordenar el cómputo del descuento referido por el uso del vehículo en conformidad con la Ley Complementaria de Garantías de Vehículos de Motor.

El 8 de agosto de 2003 expedimos el auto solicitado a fin de revisar la resolución del Tribunal de Apelaciones de 19 de marzo de 2003. El 26 de noviembre de 2003 la parte peticionaria presentó su alegato, y el 11 de diciembre de 2003 la parte recurrida presentó el suyo. Con la comparecencia de ambas partes, pasamos a resolver.

## II

En su único señalamiento de error ante nos, D.A.Co. alega que la Ley Complementaria de Garantías de Vehículos de Motor no aplica al caso de autos debido a que éste trata sobre la venta de un vehículo usado que no fue vendido con garantía del fabricante. Aduce, pues, que la referida legislación dispone un descuento por uso sólo en casos de vehículos nuevos o, cuando más, en aquellos vehículos que vendidos como usados todavía tienen vigente una garantía del fabricante. Veamos.

El 2 de septiembre de 2000 se aprobó la Ley Núm. 330, *supra*, conocida como Ley Complementaria de Garantías de Vehículos de Motor. Aunque en su Exposición de Motivos se afirma que esta legislación está dirigida a "complementar" la protección al consumidor que dispone la Ley de Garantías de Vehículos de Motor, 10 L.P.R.A. secs. 2051–2065, la legislación en cuestión impone restricciones significativas a los consumidores en sus tratos con los manufactureros de vehículos de motor y sus agentes, en lo que respecta a las garantías de los vehículos. Así pues, la legislación referida le concede al manufacturero o a su agente de servicio un "intento final" para reparar el vicio de un vehículo, si luego de tres intentos anteriores no ha logrado hacerlo y el consumidor afectado le ha reclamado por tal vicio por escrito y mediante correo certificado. 10 L.P.R.A. sec. 2069(a)(1).

Dispone asimismo la ley en cuestión que si el manufacturero o su agente de servicio no logra reparar el vicio

"después de un número razonable de intentos", entonces el manufacturero deberá reembolsar al consumidor el precio de compra del vehículo dentro de un plazo de 40 días, descontando de ese precio una compensación razonable por el uso del vehículo. 10 L.P.R.A. sec. 2069(b)(1).

■    La legislación referida, sin embargo, no aplica al caso que aquí nos concierne. En el primer artículo de dicha legislación, cuando se definen los los términos y las frases de la ley, se hace claro que ésta atañe a vehículos de motor *nuevos.* 10 L.P.R.A. sec. 2067(s). Que el legislador no tuvo la intención de abarcar la compraventa de vehículos usados al aprobar la llamada Ley Complementaria de Garantías de Vehículos de Motor surge, además, del hecho de que esta legislación se aprobó con el fin específico de complementar la Ley de Garantías de Vehículos de Motor, que a su vez sólo abarca vehículos *nuevos.* 10 L.P.R.A. sec. 2053. Así surge claramente de la Exposición de Motivos de la ley referida:

> La Ley Núm. 7 de 24 de septiembre de 1979, conocida como "Ley de Garantías de Vehículos de Motor", fue primordialmente aprobada para proteger de discrimen al consumidor, adquirente de vehículos de motor *nuevos* en Puerto Rico, asegurándole que dichos vehículos han de tener las mismas garantías de fábrica que el manufacturero brinda a quienes lo compren en los Estados Unidos ....

> .    .    .    .    .    .

> Esta medida pretende complementar la protección al consumidor otorgada por la Ley Núm. 7, previamente referida .... (Énfasis suplido.) 2000 (Parte 2) Leyes de Puerto Rico 1819–1820.

En vista de que la Ley Complementaria de Garantías de Vehículos de Motor evidentemente no aplica al caso de autos, es patente que erró el foro apelativo al resolver como lo hizo aquí. La controversia ante nos se rige por lo dispuesto en el Código Civil de Puerto Rico, como bien lo determinó D.A.Co. Pasemos a ello brevemente.

## III

■ Como se sabe, con relación a la contratación entre partes, el Código Civil de Puerto Rico dispone que "[n]o hay contrato sino cuando concurren los requisitos siguientes: (1) Consentimiento de los contratantes. (2) Objeto cierto que sea materia del contrato. (3) Causa de la obligación que se establezca". 31 L.P.R.A. sec. 3391. El consentimiento prestado puede ser nulo cuando éste ha sido prestado por error, violencia, intimidación o dolo. *Colón v. Promo Motor Imports, Inc.*, 144 D.P.R. 659 (1997).

■ Existe "dolo cuando con palabras o maquinaciones insidiosas de parte de uno de los contratantes, es inducido el otro a celebrar un contrato que, sin ellas, no hubiera hecho". 31 L.P.R.A. sec. 3408. Además, constituye dolo el callar sobre una circunstancia importante respecto al objeto del contrato. *Márquez v. Torres Campos*, 111 D.P.R. 854 (1982).

■ No todo tipo de dolo produce la nulidad del contrato. Para que el dolo produzca la nulidad del contrato, tiene que ser grave y no meramente incidental, y no haber sido empleado por las dos partes contratantes. El dolo grave es el que causa y lleva a celebrar el contrato, *de modo tal que sin el primero no se hubiera otorgado el segundo. Colón v. Promo Motor Imports, Inc.*, supra.

■ Por su parte, el Art. 1255 del Código Civil, 31 L.P.R.A. sec. 3514, dispone:

> Declarada la nulidad de una obligación, los contratantes deben restituirse recíprocamente las cosas que hubiesen sido materia del contrato, con sus frutos, y el precio con los intereses ....

■ Sobre el particular, hemos resuelto que declarada la nulidad del contrato las partes contratantes quedan condenadas a la restauración del estado primitivo anterior de las cosas, mediante la restitución de las prestaciones objeto del contrato, salvo cuando la nulidad se deba a causa torpe

o ilícita, en cuyo caso prevalece como criterio el de culpa o torpeza atribuible a las partes. Véase *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172 (1985).

Surge de un análisis de la evidencia que obra en autos, que el caso ante nos trata sobre la nulidad de un contrato por vicios en el consentimiento. Las partes convinieron en un negocio jurídico consistente en la compraventa de un vehículo de motor usado. Sin embargo, una de las partes —el vendedor— ocultó a los compradores que dicho vehículo había sido impactado y reparado antes de la compra, incumpliendo así una condición esencial para la venta válida de un vehículo de motor.

En el caso de autos, no cabe duda de que hubo dolo en el consentimiento. El accidente del vehículo y posterior reparación eran evidentemente *elementos esenciales* que el comprador hubiese tomado en consideración al momento de contratar, de haberlos conocido. D.A.Co. determinó correctamente que de haber tenido conocimiento el comprador de dichos elementos, no hubiese llevado a cabo el contrato. La parte vendedora actuó de manera dolosamente grave al ocultar dicha información, viciando así el consentimiento del comprador, lo cual justifica la nulidad del contrato. Por ende, procede la restitución de las prestaciones, conforme lo dispone el Art. 1255 del Código Civil, *supra*.

Por los fundamentos expuestos, *se dictará sentencia para revocar el dictamen del foro apelativo y para dejar vigente la resolución emitida por D.A.Co. en este caso.*