ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **MARIO EZEQUIEL FARRANDO** DEMANDANTE(S)-RECURRIDA(S) | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **HUMACAO** |
| **v.** | KLCE202301184 | Caso Núm. **HU2020CV01091 (208)** |
| **DIEGO JACOBSON PERRY** DEMANDADA(S)-PETICIONARIA(S) | | Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 28 de noviembre de 2023.

Comparece ante nos, el señor **DIEGO JACOBSON PERRY** (señor **JACOBSON PERRY**) mediante *Petición de Certiorari* instada el 26 de octubre de 2023. En su escrito, nos solicita que revisemos la *Resolución* dictada el 17 de agosto de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao.[1] Mediante el antedicho dictamen, el foro *a quo* declaró *no ha lugar* la *Moción Solicitando Sentencia Sumaria Parcial* presentada el 22 de mayo de 2023 por el señor **JACOBSON PERRY**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 12 de noviembre de 2020, el señor **MARIO EZEQUIEL FARRANDO** (señor **FARRANDO**) entabló una *Demanda* sobre cobro de dinero.[2] En resumen, el señor **FARRANDO** arguyó que el 21 de abril de 2017 suscribió ante

---

[1] Esta determinación judicial fue notificada y archivada en autos el 18 de agosto de 2023. Véase Apéndice de la *Petición de Certiorari*, págs. 1-10 y 154-163.
[2] Véase Apéndice de la *Petición de Certiorari*, págs. 32- 37. Se acompañó la reclamación con un estado de cuenta que reflejaba un pasivo por $254, 146.37.

Número Identificador:
RES2023_____

notario público un documento intitulado *Contrato de Préstamo y Pagaré* junto al señor **JACOBSON PERRY**.[3] En el referido escrito, el señor **JACOBSON PERRY** se comprometió a pagar la cantidad de $257, 589.00 al señor **FARRANDO**.[4] Expresó, además, que pactaron que en la eventualidad de que la deuda no fuese satisfecha en su totalidad en o antes del 1 de noviembre de 2017, se computarían intereses al 6% sobre la cuantía adeudada.

Después de varios incidentes procesales, el 23 de agosto de 2021, el señor **JACOBSON PERRY** presentó su *Contestación a Demanda* conteniendo su *Reconvención*.[5] En lo pertinente, formuló sus defensas afirmativas y negó la existencia de la deuda. Manifestó que, las cantidades reclamadas no fueron actualizadas para incluir los pagos que presuntamente efectuó. Aseguró, que realizó pagos en exceso de $76,000.00. En la referida *Reconvención*, el señor **JACOBSON PERRY** argumentó que contrató los servicios del señor **FARRANDO** para que llevara a cabo unas mejoras en su residencia, pero tal negociación fue de manera informal debido a la estrecha relación de amistad. Además, indicó que el señor **FARRANDO** abandonó el proyecto sin completar los trabajos acordados y las labores realizadas fueron deficientes, por lo que, tuvo que incurrir en gastos adicionales ascendientes a $100,000.00.[6] De igual manera, el señor **JACOBSON PERRY** señaló que entregó una tarjeta de crédito al señor **FARRANDO** para la adquisición de materiales y gastos relacionados a las mejoras. Expuso que el señor **FARRANDO** cargó gastos para beneficio personal, por lo que, al advenir en conocimiento, lo confrontó y le solicitó una reconciliación de la cuenta de la tarjeta de crédito.[7] El 24 de agosto de 2021, el señor **FARRANDO** presentó una *Contestación a Reconvención* incluyendo sus defensas afirmativas y negando la mayoría de las alegaciones.[8]

---

[3] Véase Apéndice de la *Petición de Certiorari*, págs. 34- 37.
[4] *Íd.*
[5] *Íd.*, págs. 38- 42.
[6] *Íd.*, pág. 40.
[7] *Íd.*, pág. 100.
[8] *Íd.*, págs. 43- 45.

Días después, el 3 de septiembre de 2021, el señor **FARRANDO** presentó su *Moción de Sentencia Sumaria*.[9] Arguyó que no existe controversia sobre la deuda. El 25 de octubre de 2021, el señor **JACOBSON PERRY** presentó una *Oposición a Moción de Sentencia Sumaria de la Parte Demandante*.[10] Consecuentemente, el 26 de mayo de 2022, el foro de instancia decretó *Resolución* declarando *no ha lugar* la solicitud de sentencia sumaria.[11] En la misma, formuló las siguientes determinaciones de hechos que no están en controversia:

1.      El 21 de abril de 2017 las partes otorgaron un *"Contrato de préstamo y pagaré"* por la cantidad de $257,589.00 ante Notario.

2.      Conforme al contrato otorgado por las partes, los pagos serían efectuado[s] de la siguiente forma:
- el 1ro de junio de 2017, $50,000.
- el 1ro de julio de 2017, $50,000.
- el 1ro de agosto de 2017, $50,000.
- el 1ro de septiembre de 2017, $50,000.
- el 1ro de octubre de 2017, $50,000.
- el 1ro de noviembre de 2017, $7,589.00.

3.      Conforme al contrato otorgado por las partes, en caso de impago de la totalidad de la deuda el 1ro de noviembre de 2017 o antes, se computaría un interés al 6% de la cantidad adeudada hasta su saldo.

4.      El 17 de noviembre de 2016 el demandado le cursó un correo electrónico al demandante confirmando el repago de una cantidad sin determinar.

5.      Del expediente judicial no surge un pagaré a favor del demandante, el Sr. **FARRANDO**.

Posteriormente, el 22 de mayo de 2023, el señor **JACOBSON PERRY** presentó *Moción Solicitando Sentencia Sumaria Parcial*.[12] Enunció que no existió un contrato por ausencia de causa. El 30 de mayo de 2023, el señor **FARRANDO** presentó su *Oposición a Solicitud de Sentencia Sumaria* argumentando la existencia de controversias sobre hechos materiales.[13]

---

[9] Véase Apéndice de la *Petición de Certiorari*, págs. 46- 74. La *Moción de Sentencia Sumaria* está acompañada de seis (6) documentos marcados como *exhibits*: I- comunicación fechada 17 de noviembre de 2016 consta de 3 páginas; II- misiva con fecha de 30 de marzo de 2021 consta de 2 páginas; III- carta escrita el 30 de marzo de 2021 consta de 1 página; IV- *Contrato de Préstamo y Pagaré* suscrito el 21 de abril de 2017 consta de 3 páginas; V- comunicado de 30 de marzo de 2021 consta de 2 páginas; y VI- documento sobre la deuda e intereses según contrato consta de 1 página.

[10] *Íd.,* págs. 75- 114.

[11] *Íd.,* págs. 115- 122. Esta decisión judicial fue notificada y archivada en autos el 27 de mayo de 2023.

[12] *Íd.,* págs. 11- 21.

[13] *Íd.,* págs. 123- 153.

Finalmente, el 17 de agosto de 2023, el tribunal *a quo* dictaminó la *Resolución* impugnada. Ante ello, el 30 de agosto de 2023, el señor **Jacobson Perry** interpuso *Moción Solicitando Determinaciones Adicionales de Hechos y Reconsideración de Resolución*.[14] Ese mismo día, el foro primario emitió *Orden* concediendo un plazo para exponer su posición al señor **Farrando**.[15]

El 14 de septiembre de 2023, el señor **Farrando** presentó la *Oposición a Solicitud de Determinaciones Adicionales de Hechos Reconsideración de Resolución*.[16] Al siguiente día, el tribual recurrido pronunció *Orden* en la cual declaró *no ha lugar* a la solicitud de reconsideración, pero nada dispuso sobre la solicitud de determinaciones de hechos adicionales.[17]

Así pues, el 27 de septiembre de 2023, el señor **Jacobson Perry** presentó *Moción en Torno a Solicitud de Determinaciones Adicionales de Hechos*.[18] Al otro día, el tribunal de instancia intimó *Resolución* en la cual declaró *no ha lugar* la solicitud de determinaciones de hechos.[19]

Inconforme, el 26 de octubre de 2023, el señor **Jacobson Perry** incoó ante este Tribunal de Apelaciones una *Petición de Certiorari*. En su escrito, señala el(los) siguiente(s) error(es):

> Erró el TPI al denegar la moción de sentencia sumaria parcial a pesar de estar debidamente fundamentada y no existir controversias sobre la inexistencia de préstamo alguna, la ausencia de causa y la consecuente nulidad del contrato de préstamo alegado en el que la causa de acción de la Demanda está predicada.
>
> Erró el TPI al declarar No Ha Lugar de plano la solicitud de reconsideración y la "Moción en Torno a Solicitud de Determinaciones de Hechos" a pesar de ser materiales a la controversia planteada en la moción de sentencia sumaria parcial y a pesar de no existir controversias en cuanto a dichos hechos y estar debidamente apoyados por la evidencia que obra en los autos. Al así hacerlo privó a este Honorable Foro del beneficio de los fundamentos para las denegatorias.

El 31 de octubre de 2023, determinamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de diez (10) días para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen

---

[14] Véase Apéndice de la *Petición de Certiorari*, págs. 24- 31 y 164- 171.
[15] *Íd.*, pág. 172.
[16] *Íd.*, págs. 173- 187.
[17] *Íd.*, pág. 188.
[18] *Íd.*, págs. 189- 190.
[19] *Íd.*, págs. 22- 23.

impugnado. El 3 de noviembre de 2023, el señor **FARRANDO** presentó su *Oposición a Petición de Certiorari.*

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes; nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A -

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[20] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[21]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[22] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[23]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[24] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[25]

---

[20] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[21] *Íd.*
[22] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[23] *Íd.*
[24] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[25] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[26]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[27]

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[28] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[29]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el

---

[26] 4 LPRA Ap. XXII – B, R. 40; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339– 340 (2012).
[27] *McNeil Healthcare v. Mun. Las Piedras I, supra,* pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[28] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[29] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

ejercicio de nuestra jurisdicción.[30] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[31] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[32] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[33]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[34] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[35]

- **B** -

La *sentencia sumaria* es un mecanismo procesal extraordinario disponible para adjudicar controversias cuando no se requiere la celebración de un juicio.[36] Su propósito o finalidad es propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, y en los cuales solo resta dirimir una controversia de derecho.[37]

Este mecanismo se encuentra instituido por la Regla 36 de las de Procedimiento Civil de 2009.[38] Esta dispone que cualquiera de las partes

---

[30] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[31] *Mun. de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[32] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[33] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. de Caguas v. JRO Construction, Inc., supra.*
[34] *García v. Asociación*, 165 DPR 311, 322 (2005).
[35] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[36] *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120; 213 DPR ___; *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).
[37] *Birriel Colón v. Supermercado Los Colobos, supra*; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430; *Vera v. Dr. Bravo*, 161 DPR 308, 331 (2004).
[38] 32 LPRA Ap. V, R. 36.3 (a); *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 432.

"podrá presentar [...] una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada".[39]

Lo anterior implica que, la parte promovente debe demostrar que no existe controversia sustancial sobre algún hecho material, pues la *sentencia sumaria* solo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes.[40] Para ello, debe desglosar en párrafos debidamente numerados y, para cada uno de ellos, debe especificar la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya.[41] La jurisprudencia interpretativa ha definido que "[u]n hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[42]

Por su parte, quien se opone a que se dicte *sentencia sumaria* viene obligado a controvertir la prueba presentada, contestando de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una controversia real y sustancial que debe dilucidarse en juicio.[43] Es decir, no basta con presentar meras afirmaciones. Resulta insuficiente para derrotar una solicitud de *sentencia sumaria* una declaración jurada que meramente exponga conclusiones reiteradas de las alegaciones de la demanda y hechas sin conocimiento personal de los hechos.[44] No obstante, será el análisis del derecho aplicable y de la existencia de alguna controversia sustancial de hechos materiales lo que determinará si procede dictar sentencia

---

[39] *Acevedo y otros v. Dpto. de Hacienda*, 2023 TSPR 80, 212 DPR ___ (2023).

[40] *Oriental Bank v. Caballero García*, 2023 TSPR 118; 213 DPR ____; *Ramos Pérez v. Univisión, supra*, pág. 213.

[41] Regla 36.3(a) de las de Procedimiento Civil de 2009, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra*.

[42] *Serrano Picón v. Multinational Life Insurance Company*, 2023 TSPR 118; 213 DPR ___; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión, supra*, pág. 213.

[43] *Ramos Pérez v. Univisión, supra*, pág. 214.

[44] *Íd.*, págs. 215- 216.

sumariamente, y no el que la parte contraria deje de oponerse a la solicitud, o lo haga defectuosamente.[45]

Al evaluar la procedencia de la solicitud de *sentencia sumaria* el tribunal **analizará los documentos que acompañan la moción de** *sentencia sumaria***, los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal**.[46] Por ello, "[t]oda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de sentencia sumaria".[47]

Empero, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria; por el contrario, tiene que ser una duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[48] Por tanto, "[existe] una controversia real cuando la prueba ante el tribunal es de tal naturaleza que un juzgador racional de los hechos podría resolver a favor de la parte promovida".[49]

La parte promovente puede prevalecer por la vía sumaria si presenta prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. En cambio, la parte promovida puede derrotar la moción de tres (3) maneras diferentes: (1) si establece una controversia real de hechos sobre uno de los elementos de la causa de acción de la parte promovente; (2) si presenta prueba que apoye una defensa afirmativa, o (3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la parte promovente.

Por otro lado, la parte promovida puede prevalecer por la vía sumaria en escenarios diversos. A modo de ejemplo, puede establecer que no hay controversia real de hechos relevantes sobre, al menos, uno de los elementos

---

[45] *Ortiz v. Holsum*, 190 DPR 511, 525 (2014).
[46] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913 (1994). (énfasis nuestro).
[47] *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610- 611 (2000).
[48] *Ramos Pérez v. Univisión, supra*, pág. 214.
[49] *Íd.*

de la causa de acción de la parte promovente. También puede establecer la existencia incontrovertible de prueba que sustente una defensa afirmativa.[50]

Ahora bien, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar [denegaciones] o concesiones de mociones de *sentencia sumaria*.[51] Esto significa que, al evaluar la solicitud de *sentencia sumaria*, al igual que el foro primario, debemos aplicar los criterios de la Regla 36 de las de Procedimiento Civil de 2009 y su jurisprudencia interpretativa. Ello supone examinar el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de *sentencia sumaria*, llevando a cabo todas las inferencias permisibles a su favor. Como resultado, tenemos el deber de revisar que tanto la moción de *sentencia sumaria* como su oposición cumplan con los requisitos de forma instituidos en la Regla 36 de las de Procedimiento Civil de 2009.[52]

En esencia, si el foro primario **acogió la moción** y dictó sentencia sumariamente, nos corresponderá revisar que, efectivamente no existan hechos materiales en controversia.[53] De no existir, procederemos entonces a revisar de *novo* si el Tribunal de Primera Instancia adjudicó correctamente el derecho. Por el contrario, si el foro primario **denegó la moción de sentencia sumaria** por entender que existían hechos materiales en controversia, "**el tribunal apelativo solo revisa si el foro primario abusó de su discreción**".[54] En palabras sencillas, los tribunales revisores estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales; y (3) comprobar si el derecho se aplicó de forma correcta.[55]

---

[50] *Íd.*, pág. 217.
[51] *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015).
[52] *Birriel Colón v. Supermercado Los Colobos, supra.*
[53] *Rivera Matos et al. v. Triple S et al.*, 204 DPR 1010, 1025 (2020).
[54] *Meléndez González et al. v. M. Cuebas, supra*, pág. 116. (énfasis nuestro).
[55] *Birriel Colón v. Supermercado Los Colobos, supra*, pág. 5; *Meléndez González et al. v. M. Cuebas, supra*, págs. 114 – 116.

- III -

La Regla 52.1 de las de Procedimiento Civil de 2009 nos permite expedir el auto solicitado cuando se recurre de una resolución u orden bajo remedios provisionales de las Reglas 56 y 57 de las de Procedimiento Civil de 2009 o de la denegatoria de una moción de carácter dispositivo. La última de estas instancias es precisamente el tipo de determinación de la que se recurre. Por lo que, estamos ante una decisión revisable por este foro intermedio y sobre la cual podemos expedir el auto de *certiorari*.

En su recurso, el señor JACOBSON PERRY, en síntesis, señaló que erró el tribunal primario al denegar la moción de *sentencia sumaria* parcial, a pesar de que, a su juicio, no existe controversia sobre la ausencia de un préstamo. De la misma manera, indicó que el foro de instancia erró al declarar *no ha lugar* la solicitud de reconsideración y solicitud de determinaciones de hechos, aun cuando, a su juicio, la evidencia que se desprende del historial judicial comprobó no existir controversia en este caso, por lo que, entendió que procede la *Sentencia Sumaria Parcial*.

De otro lado, el señor FARRANDO argumentó que las alegaciones sobre la inexistencia de un préstamo son completamente frívolas ante el hecho de que en múltiples ocasiones se reconoció una deuda. Amparó sus fundamentos en las comunicaciones escritas remitidas por correo electrónico entre ambas partes.[56]

Ahora bien, sabido es que la Regla 36.4 de las de Procedimiento Civil de 2009, establece que, si no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o **se deniega la moción de sentencia sumaria**, y, por tanto, es necesario celebrar juicio, será obligatorio que el Tribunal en su dictamen determine los hechos esenciales sobre los cuales no haya controversia sustancial y aquellos que sí se encuentran genuinamente en controversia.[57] Ello implica, que nuestro estado de derecho

---

[56] Véase Apéndice de la *Petición de Certiorari*, págs. 141– 151.
[57] *Pérez Vargas v. Office Depot*, 203 DPR 687, 697 (2019).

le impone y exige al foro recurrido, exponer los hechos materiales y esenciales que están en controversia, así como los que no lo están, independientemente de cómo resuelvan una solicitud de *sentencia sumaria*.[58]

En este sentido, lo cierto es que el tribunal de instancia reiteró sus determinaciones de hechos contenidas en su *Resolución* intimada el 26 de mayo de 2022:

> 1. El 21 de abril de 2017 las partes otorgaron un "Contrato de préstamo y pagaré" por la cantidad de $257,589.00 ante Notario.
>
> 2. Conforme al contrato otorgado por las partes, los pagos serían efectuado[s] de la siguiente forma:
> - el 1ro de junio de 2017, $50,000.
> - el 1ro de julio de 2017, $50,000.
> - el 1ro de agosto de 2017, $50,000.
> - el 1ro de septiembre de 2017, $50,000.
> - el 1ro de octubre de 2017, $50,000.
> - el 1ro de noviembre de 2017, $7,589.00.
>
> 3. Conforme al contrato otorgado por las partes, en caso de impago de la totalidad de la deuda el 1ro de noviembre de 2017 o antes, se computaría un interés al 6% de la cantidad adeudada hasta su saldo.
>
> 4. El 17 de noviembre de 2016 el demandado le cursó un correo electrónico al demandante confirmando el repago de una cantidad sin determinar.
>
> 5. Del expediente judicial no surge un pagaré a favor del demandante, el Sr. **Farrando**.

Ciertamente, la tarea de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente foro primario en el ejercicio de su sana discreción.[59] Así pues, evidentemente, del expediente se desprende que las partes suscribieron un contrato, el cual se encuentra debidamente cumplimentado y firmado ante notario intitulado "**Contrato de Préstamo y Pagaré**".[60] El referido convenio cumple con todos los elementos necesarios que configuran uno valido conforme a la ley, a saber: (1) consentimiento de las partes; (2) objeto cierto; y (3) causa lícita.[61] No obstante, coincidimos con

---

[58] *Meléndez González et al. v. M. Cuebas, supra,* pág. 118.

[59] *Vera v. Dr. Bravo, supra*, pág. 334.

[60] Véase Apéndice de la *Petición de Certiorari*, págs. 34–37.

[61] Véase *García Reyes v. Cruz Auto Corp.*, 173 DPR 870 (2008); *Bosques v. Echevarría*, 162 DPR 830 (2004).

el foro primario en que existe una controversia real y genuina respecto a la cuantía exacta de la deuda.

Por tanto, los hechos necesitan evaluarse a la luz de la prueba presentada, por lo que, procede la celebración de un juicio que permita dirimir cuestiones de credibilidad y las partes tengan su día en corte. En virtud de ello, concluimos que el foro *a quo* no abusó de su discreción ni resolvió contrario a derecho al determinar que existen hechos reales en controversia.

- III -

Por los fundamentos antes expuestos ***denegamos*** la expedición del auto *de Certiorari* instado el 26 de octubre de 2023 por el señor JACOBSON PERRY, ello a tenor con la Regla 40 del Reglamento del Tribunal de Apelaciones; y en conformidad, ordenamos la continuación de los procedimientos en el Tribunal de Primera Instancia.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Santiago Calderón concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones