Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EDUARDO SIERRA<br><br>Querellante-Recurrente<br><br>Vs.<br><br>TREBOL MOTORS DISTRIBUTOR CORPORATION; FIRSTBANK PUERTO RICO<br><br>Querellados-Recurridos<br><br>DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR<br><br>Agencia Recurrida | TA2026RA00090 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.<br><br>SAN-2025-0021234<br><br>Sobre:<br><br>COMPRAVENTA DE VEHÍCULO DE MOTOR |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece ante nos el recurrente, Eduardo Sierra (en adelante, recurrente), y nos solicita que revisemos la *Resolución* emitida el 4 de febrero de 2026, por el Departamento de Asuntos del Consumidor (en adelante, DACo). Mediante esta, la agencia recurrida declaró *No Ha Lugar* la querella promulgada por el recurrente.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

**-I-**

El 2 de abril de 2025 el recurrente presentó una querella ante el DACo en contra de los recurridos, Trebol Motors Distributors Corporation (Trebol Motors) y First Bank Puerto Rico (First Bank) (en adelante y en conjunto, recurridos). En la misma, alegó que el

pasado 12 de marzo de 2025, acudió al concesionario de Trebol Motors para la compra de un vehículo, un *Subaru*, modelo *Outback* del año 2025. Sostuvo que la unidad de su interés no tenía la *Etiqueta Indicativa del Precio Sugerido de Venta al Consumidor del Departamento de Hacienda.* Adujo que el vendedor le indicó de forma verbal que el precio de venta ascendía a sesenta y un mil novecientos noventa y cinco dólares ($61,995.00). De igual forma, señaló que un oficial de First Bank le informó que la aludida cantidad era el precio sugerido del referido vehículo.

No obstante, alegó que, tras varias gestiones, Trebol Motors le envió la referida etiqueta, y que esta reflejó que el precio sugerido era de cuarenta mil quinientos sesenta dólares con cincuenta y nueve centavos ($40,560.59). Por lo cual, arguyó que los recurridos lo indujeron a proceder con el contrato de compraventa. De este modo, el recurrente solicitó que se declarara nula la venta, así como que se le devolvieran los once mil dólares ($11,000.00) en los que incurrió por concepto del pronto pagado. Además, peticionó una indemnización de cincuenta mil dólares ($50,000.00) por concepto de los daños y perjuicios alegadamente sufridos.

Posteriormente, el 11 de abril de 2025, Trebol Motors presentó su *Contestación a Querella.* Mediante esta, arguyó que las alegaciones del recurrente no derrotaron la buena fe que se presume en transacciones comerciales. Además, sostuvo que cumplió con las obligaciones legales que le correspondían sobre la venta del vehículo. Planteó que el referido vehículo contó con la rotulación necesaria para divulgar el precio de venta sugerido por el manufacturero, al igual que la venta final fue producto de la negociación entre ambas partes.

Más adelante, el 9 de junio de 2025, First Bank presentó su *Contestación a Querella.* En síntesis, este alegó que los hechos planteados por el recurrente estaban fuera de su control, pues no

participó del proceso de negociación de la venta en controversia, ya que no fue el vendedor de dicha unidad.

Tras varios incidentes procesales, el 23 de enero de 2026, se celebró una vista administrativa ante DACo. Evaluada la prueba documental y testifical presentada por las partes, el 4 de febrero de 2026, DACo emitió la *Resolución* recurrida. Mediante esta, la agencia recurrida determinó que se probó que, a pesar de que el vehículo en controversia no tenía la *Etiqueta Indicativa del Precio Sugerido de Venta al Consumidor del Departamento de Hacienda*, del *Monroney Label* adherido en la parte posterior del vehículo surgió que el precio sugerido del manufacturero era de sesenta y un mil novecientos noventa y cinco dólares ($61,995.00). Además, concluyó que la venta en cuestión no estaba condicionada a la entrega de dicha etiqueta. Igualmente, señaló que, en el mes de abril de 2025, Trebol Motors vendió la misma unidad por igual precio. En adición, señaló que la *Etiqueta Indicativa del Precio Sugerido de Venta al Consumidor del Departamento de Hacienda,* la cual se admitió como evidencia, reflejó lo siguiente:

> [L]a unidad se declaró en $34,000.00 [precio sugerido de venta incluyendo equipo opcional instalado en fábrica], $6,260.59 [arbitrios], para un total de $40,560.59 [precio contributivo]. Precio que pagó el concesionario al manufacturero $55,734.41 [precio base sin arbitrios], más los arbitrios pagados en PR $6,260.59, para un total de $61,995.00.[1]

Por consiguiente, DACo concluyó que, debido a que en todo momento el recurrente estuvo informado del precio por el cual estaba pactando la compraventa y este lo aceptó, no se configuró el dolo grave. En consecuencia, declaró *No Ha Lugar* la querella presentada por el recurrente. No obstante, DACo reconoció que Trebol Motors incumplió con la Regla 20 (d) del *Reglamento de Prácticas Comerciales*, Reglamento Núm. 9158 del 6 de febrero de

---

[1] *Véase*, Expediente Administrativo, *Resolución*, págs. 2-3.

2020, al no tener adherida la *Etiqueta Indicativa del Precio Sugerido de Venta al Consumidor del Departamento de Hacienda*. En consecuencia, refirió el caso de epígrafe a la Unidad de Fiscalización para la acción correspondiente.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 4 de marzo de 2026, el recurrente presentó el recurso de epígrafe. En el mismo, señala la comisión de los siguientes errores:

**PRIMER ERROR:** ERRÓ EL DACO AL CONCLUIR QUE EL VEHÍCULO TENÍA ADHERIDO EL MONRONEY LABEL CUANDO DICHA DETERMINACIÓN CARECE DE EVIDENCIA SUSTANCIAL.

**SEGUNDO ERROR:** ERRÓ EL DACO AL DETERMINAR QUE LA AUSENCIA DE LA ETIQUETA REGLAMENTARIA NO AFECTA LOS DERECHOS DEL CONSUMIDOR.

**TERCER ERROR:** ERRÓ EL DACO AL INTERPRETAR INCORRECTAMENTE EL REGLAMENTO DE PRÁCTICAS COMERCIALES.

**CUARTO ERROR:** ERRÓ EL DACO AL EMITIR UNA DECISIÓN INTERNAMENTE INCONSISTENTE AL RECONOCER UNA VIOLACIÓN REGLAMENTARIA PERO CONCLUIR QUE ESTA NO TIENE CONSECUENCIAS JURÍDICAS.

Por su parte, el 7 de abril de 2026, Trebol Motors presentó su *Alegato de la Parte Recurrida [...].* De este modo, con el beneficio de la comparecencia de las partes, así como del contenido del expediente administrativo y el derecho aplicable, procedemos a expresarnos.

*-II-*

*-A-*

El DACo es el organismo administrativo cuyo propósito principal es vindicar, proteger e implementar los derechos de las personas consumidoras en nuestra jurisdicción. Artículo 3 de la *Ley Orgánica del Departamento de Asuntos del Consumidor,* Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 LPRA sec. 341b. En lo concerniente a la controversia que nos ocupa, el 6 de febrero de

2020, la agencia aprobó el *Reglamento de Prácticas Comerciales,* Reglamento Núm. 9158.

En específico, la Regla 20 (d) del referido Reglamento, *supra,* pág. 24, establece lo siguiente:

> (d) Todo vehículo de motor nuevo debe tener adherido el *Monroney Label,* según definido en la Regla 13 (c), así como la Etiqueta Indicativa del Precio Sugerido de Venta del Departamento de Hacienda. Dichos sellos solo podrán ser removidos por el consumidor.

### *-B-*

El Artículo 1230 de Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9751, dispone que "[e]l contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones". Ahora bien, una vez perfeccionado el contrato este tiene fuerza de ley entre las partes. 31 LPRA sec. 9754. Sin embargo, un negocio jurídico puede ser anulable si median vicios de la voluntad determinantes para su otorgamiento. El Artículo 285 del Código Civil de Puerto Rico, 31 LPRA sec. 6191, nos dice que son vicios de la voluntad el error, el dolo y la intimidación. Por su parte, el Artículo 292 del Código Civil, 31 LPRA sec. 6277, define el dolo grave de la siguiente manera:

> Dolo grave es la acción u omisión intencional por la cual una parte o un tercero inducen a otra parte a otorgar un negocio jurídico que de otra manera no hubiera realizado.
>
> Si la acción u omisión no provoca la realización del negocio jurídico, el perjudicado puede reclamar los daños y perjuicios que sufra.

Ahora bien, la figura del dolo tiene dos aplicaciones fundamentales. En la primera aplicación se provoca la anulabilidad del contrato por vicios en el consentimiento en el origen del contrato cuando este se obtiene a través de maquinaciones insidiosas. Su otra aplicación consiste en el dolo contractual que ocurre en el curso de la consumación del contrato. *Márquez v. Torres Campos,* 111 DPR

854, 863 (1982). Para que produzca la nulidad del contrato, el dolo debe ser grave, ya que este inspira y persuade a contratar mediante palabras o manipulaciones sin las cuales no hubiese habido contratación. *Bosques v. Echevarría*, 162 DPR 830, 836 (2004); *Márquez v. Torres Campos,* supra, pág. 863, esc. 8. Además, constituye dolo el callar sobre una circunstancia importante respecto al objeto del contrato. *Bosques v. Echevarría*, supra, pág. 836; *Márquez v. Torres Campos,* supra, pág. 871, esc. 18. Ahora bien, el que reclama la conducta dolosa tiene el peso de la prueba, pues este no se presume. Sin embargo, el dolo puede ser probado mediante evidencia circunstancial. *García López v. Méndez García,* 102 DPR 383, 386 (1974).

**-C-**

En nuestro ordenamiento jurídico, los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank, Inc.,* 214 DPR 473, 484 (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. ARPe.,* 152 DPR 116, 122 (2000). Esto significa que, el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS*, 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 134-

135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que, impida la revisión judicial si no existen las condiciones que sostienen la deferencia. En el caso de *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), el Tribunal Supremo de Puerto Rico se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

Por ende, como norma general, el tribunal revisor debe respeto y deferencia al dictamen administrativo. No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión. De lo contrario, se abstendrá a ello. Es pertinente enfatizar que, la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la misma, dentro de las circunstancias particulares del caso, es razonable. *De Jesús v. Depto. Servicios Sociales*, 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro

administrativo. *Super Asphalt v. AFI y otro,* 206 DPR 803*,* 819 (2021); *Torres Rivera v. Policía de PR, supra,* a la pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675, limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Íd.*

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota,* 163 DPR 716, 728 (2005); *Misión Ind. P.R. v. J.P., supra,* pág. 131. Además, reiteró:

Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración.

Por tal razón, es la parte que impugna la decisión administrativa quien tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez v. Caguas Expressway Motors, supra,* pág. 398; *Ramírez v. Depto. de Salud,* 147 DPR 901, 905 (1999).

### *-III-*

Por estar relacionados entre sí, discutiremos en conjunto los errores señalados por el recurrente. En apretada síntesis, este alega que DACo incidió al determinar que la ausencia de la *Etiqueta Indicativa del Precio Sugerido del Departamento de Hacienda* no afectó su consentimiento al momento de adquirir el vehículo en controversia. Evaluado el recurso ante nuestra consideración, y conforme al derecho aplicable, confirmamos la *Resolución* recurrida.

Tal cual esbozado en el resumen doctrinal, un contrato se perfecciona cuando ambas partes prestan su consentimiento. No obstante, el mismo puede anularse cuando dicho consentimiento goce de un vicio. Entre las causales que afectan el consentimiento se encuentra el dolo grave. Este se da cuando se persuade a contratar a una parte mediante palabras o manipulaciones insidiosas, sin las cuales esta no hubiese contratado. *Bosques v. Echevarría,* supra, pág. 836. Igualmente, esta se puede dar cuando una de las partes contratantes oculta circunstancias importantes respecto al objeto del contrato. *Íd.*

En el presente caso, el recurrente adquirió un vehículo de motor, un *Subaru,* modelo *Outback* del año 2025, por la cantidad de sesenta y un mil novecientos noventa y cinco dólares ($61,995.00).

Sostuvo que, al momento de la compra, el vehículo carecía de la *Etiqueta Indicativa del Precio Sugerido de Venta del Departamento de Hacienda* que exige el Reglamento Núm. 9168, *supra,* y que la cantidad esbozada en dicho sello era significativamente menor. Por ello, arguyó que su consentimiento estuvo viciado y procedía la anulación del contrato.

Tras examinar el expediente que obra ante nos, es nuestra apreciación que la omisión de dicha información no constituyó un dolo grave que amerite la anulación de la compraventa que se llevó a cabo. Surge de los documentos en autos que, tanto el *Monroney Label* como la información que le suministró el vendedor al momento de la compra, indicaban que el precio total para la adquisición del vehículo era de sesenta y un mil novecientos noventa y cinco dólares ($61,995.00). Incluso, estando en el concesionario de Trebol Motors, el recurrente le señaló la ausencia de dicha etiqueta al vendedor que lo atendió. Aun así, procedió con la compra del vehículo por el precio pactado.

Por otra parte, y en cuanto al incumplimiento con el Reglamento Núm. 9168 al no adherir al vehículo la etiqueta en controversia, surge claramente del dictamen recurrido que DACo refirió a Trebol Motors a la Unidad de Fiscalización para la investigación pertinente. De este modo, justipreciamos que no le asiste razón al recurrente en cuanto a que el incumplimiento no conllevó consecuencias jurídicas.

Siendo así, concluimos que la agencia recurrida no actuó de forma arbitraria, ilegal, o tan irrazonable que implique un abuso de discreción que amerite nuestra intervención con su determinación. Por consiguiente, confirmamos la *Resolución* recurrida.

### -*IV*-

Por los fundamentos antes esbozados, los cuales hacemos formar parte de este dictamen, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones